**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1701

MICHELE CLARK,

Plaintiff-Appellant,

v.

JANSSEN PHARMACEUTICALS, INC,
JOHNSON & JOHNSON,
THE REED GROUP,
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Defendant-Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Nancy Torresen, U.S. District Judge]

Before
Barron, Circuit Judge,
Souter,* Associate Justice,
and Lipez, Circuit Judge.

Julie D. Farr, with whom Arthur J. Greif and GILBERT & GREIF,
P.A. were on brief, for appellant.
David C. Henderson, with whom Rebecca H. Gallup and Nutter
McClennen & Fish LLP were on brief, for appellees Janssen
Pharmaceuticals, Johnson & Johnson, and Reed Group.
Amanda A. Sonneborn, with whom Samuel M. Schwartz-Fenwick,
SEYFARTH SHAW LLP, Byrne Joseph Decker, and PIERCE ATWOOD LLP were
on brief, for appellee Prudential.

---

*        Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

April 8, 2015

**SOUTER, Associate Justice.** Michele Clark claims short and long term disability benefits under plans provided by her employer, Janssen Pharmaceuticals, Inc. Janssen is wholly owned by Johnson & Johnson, and Reed Group is their agent for responding to short term disability claims under Janssen's self-funded plan. The long term disability plan is both underwritten and administered by Prudential Insurance Company. Reed and Prudential rejected Clark's benefit claims, which were denied as well through her successive administrative appeals. Clark then brought this action for benefits under Maine law of contract against Janssen, Johnson & Johnson, and Reed, and under the Employee Retirement Income Security Act of 1974 (ERISA) against Prudential. The district court dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim subject to relief, and we affirm.

The complaint is fairly read to allege these facts. On July 29, 2011, Janssen terminated Clark's employment; Clark makes no claim that the termination was wrongful. On the same day, Clark requested disability benefits based on an inability to do her work owing to narcolepsy cataplexy syndrome. The sequence is unclear, and although the parties argue about it, the merits of her claim and this appeal do not turn on the timing, because the district court dismissed on the independent ground that Clark's complaint failed to address the crucial plan condition that eligibility for a disability benefit requires a minimum of seven consecutive days

of disability during the period of employment.

The district court relied principally on the following provision in the short term plan:

> If Reed Group approves your disability, [short term] benefits begin on your first full day of absence due to a disability if you are unable to work according to your regularly scheduled hours for more than seven consecutive calendar days.

Clark contends that this language "merely governs the timing of commencement of" benefit payments. Appellant's Br. 10. She concludes that the seven-day period is not a "condition precedent to whether benefits were paid." Id. at 11.

Clark's take on the provision is correct inasmuch as it does impose at least a seven-day wait if it turns out that a benefit is due, but her reading of the language is crucially incomplete. Without manifesting a disability in the manner required for seven consecutive days, no benefit will ever become payable. Only if it does will the language also answer the timing question, by the provision that the benefit will be paid retroactively to the first day of inability to work at the regular schedule.

Thus, timing and eligibility are both governed by the same language. By providing, without more, that benefits will be paid retroactively after seven consecutive days of inability to work at the regular schedule, the plan language necessarily entails that no benefits will actually be paid unless the employee manifests a disability in the manner required for at least seven days. And in

so governing eligibility as well as timing, the terms of the plan are unambiguous.[1]  See Barr v. Dyke, 49 A.3d 1280, 1286 (Me. 2012) ("We interpret the unambiguous terms of a contract according to their ordinary meaning . . . .").

Clark appears to argue in the alternative that, even if the plan language does create a seven-day eligibility condition, the continuous seven-day period may run, or continue to run, after employment by Janssen is over.  See Appellants' Br. 10 ("[The plan language] does not require [her] to plead or prove that she remained disabled for 7 days while she was employed by Janssen."). We express no opinion on whether such a reading would be persuasive in a case in which the running of the seven-day period was affected by a wrongful termination, for Clark makes no such claim in this case.  Absent wrongful termination, however, it would require very clear language to provide for benefits accruing after the end of employment and untethered to some cause for which the employer was responsible.[2]  Not surprisingly, then, Johnson & Johnson's Pension

---

[1] The parties argue about the significance of shifting administrative rationales for denial, and air charges of estoppel and waiver.  But the failure here was Clark's pleading.  A claim for federal judicial relief must state a plausible basis for entitlement, which is wanting in a complaint that relies on a benefit plan placed before the court but that fails to address dispositive conditions contained in the plan's terms.  The district court was thus free to dismiss the defective complaint, just as Clark herself acknowledges this court is, as well.

[2] It is no answer to point out, as Clark does, that accrued vacation time may be counted as active employment; she does not allege that she was on vacation at any point relevant to her claim.

Committee, which is given interpretive authority over the Plan, has apparently rejected Clark's reading.  In its appellate review of Clark's claim, it took the position that inability to work scheduled hours meant absence from her work at Janssen, for which at best July 29 could be counted the first day but with no further days of countable absence accruing after she left.

We accordingly need go no further to reach the same conclusion drawn by the district court, that Clark has failed to state a claim for short term disability benefits as to Janssen, Johnson & Johnson, and Reed.  And because the long term disability plan conditions eligibility on an employee's prior receipt of twenty-six continuous weeks of benefits under the short term plan, the ERISA claim against Prudential must be dismissed as well.

The judgment of the district court is affirmed.